ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAVIN MACKENZIE and MARK BURNETT, individually and on behalf of those similarly situated, | § § § § | |
| | § | 3 - 10CV2043 - P |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AIR LINE PILOTS ASSOCIATION INTERNATIONAL, ALLIED PILOTS ASSOCIATION, AMERICAN AIRLINES, INC., and AMERICAN EAGLE AIRLINES, INC. | § § § § § § | CLASS ACTION COMPLAINT |
| *Defendants.* | § § | |

---

**PLAINTIFFS' CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF**

---

Plaintiffs Gavin Mackenzie ("Mackenzie") and Mark Burnett ("Burnett"), *pro se* on behalf of themselves individually and all persons similarly situated (collectively, "Plaintiffs") file this their Class Action Complaint for Declaratory Relief against Defendants Air Line Pilots Association ("ALPA"), Allied Pilots Association ("APA"), American Airlines, Inc. ("American" or "AA"), and American Eagle Airlines, Inc. ("Eagle" or "AE"), and would respectfully show as follows:

**Parties**

1.    Plaintiff Mackenzie is a natural person residing in Tarrant County, Texas.

2.    Plaintiff Burnett is a natural person residing in Collin County, Texas.

3.    ALPA is an unincorporated association and labor organization doing business in Dallas County, Texas and maintaining its principal office at 1625 Massachusetts Avenue NW, Washington, D.C. 20036. ALPA is the certified collective bargaining agent for Eagle pilots and

a "representative" within the meaning of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, and the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq.* ALPA may be served with process at its principal office or at its Eagle affiliated office located at 150 Westpark Way, Suite 130, Euless, Texas 76040.

4.     APA is an unincorporated association and labor organization doing business in Dallas County, Texas and maintaining its principal office at 14600 Trinity Boulevard, Suite 500, Fort Worth, Texas 76155. APA is the certified collective bargaining agent for American pilots and a "representative" within the meaning of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, and the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq.* APA may be served with process at its principal office.

5.     American is a Delaware corporation which operates an international airline and does business in Dallas County, Texas. American may be served with process through its registered agent, CT Corp System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

6.     Eagle is a subsidiary Delaware corporation of American which operates an regional airline and does business in Dallas County, Texas. Eagle may be served with process through its registered agent, CT Corp System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## Jurisdiction and Venue

7.     Plaintiffs' claims arise under the Railway Labor Act, 45 U.S.C. § 151, *et seq.* As a result, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Venue is proper pursuant to 45 U.S.C. §§ 153 (p) and (q) since Plaintiffs reside in this District and all Defendants conduct business in this District. Venue is also proper pursuant to 28 U.S.C. §§ 1391 (b) and (c) since all Defendants may be found in this District.

**Factual Background**

8.     On February 15, 1997, pilots employed by American called a strike against American.  President Clinton, invoking the provisions of the Railway Labor Act, ordered the American pilots to return to work and established a Presidential Emergency Board to mediate negotiations in an effort to settle the strike.  Among the issues mediated was the question of which pilots would fly the regional jets for American.  The Presidential Emergency Board determined that the Eagle pilots would fly the regional jets and advised the American pilots to reach some accommodation with Eagle pilots, if the American pilots desired to have access to the regional jets in the event of a pilot job loss (furlough) at American.

9.     Thereafter, negotiations between APA, as labor representative for the American pilots, and ALPA, as labor representative for the Eagle pilots, ensued.  The result of the negotiations between APA and ALPA was the execution of a Supplemental Agreement between American, APA, ALPA, and AMR Eagle, Inc., among others, known as Letter 3/Supplement W (hereinafter referred to as "Letter 3"), more commonly referred to as the "flow-through" or "flow-back" agreement.

10.     The core principles of Letter 3 were very simple.  Letter 3 provided that, in the event of a pilot furlough at American, American pilots would be allowed to transfer (flow-back) to Eagle and displace an Eagle Captain from his position.  In exchange, jet Captain qualified Eagle pilots would be allowed to transfer (flow-through) to American, only if and when American was conducting new-hire classes, at a ratio of one (1) Eagle pilot for every other new-hire pilot in every new-hire class.  Stated differently, the *quid pro quo* was, a furloughed first officer at American, without longevity pay loss, would transfer (flow-back), as a Captain to Eagle, and a fully qualified jet Captain at Eagle would transfer (flow-through) to American as a

First Officer in a new-hire class. Eagle pilots accepted Letter 3 based on promises by American, Eagle, and ALPA management that, among other things, every Eagle pilot on the Eagle Pilot Seniority list, hired on or before April 21, 1997 would "flow-through" to American Airlines in five (5) years.

11.     From the outset Letter 3 did not function as described by American, Eagle, and ALPA, which resulted in numerous disputes. In January 2001, after American agreed to acquire the assets of Trans World Airlines ("TWA") while TWA was a debtor in bankruptcy, TWA filed for bankruptcy. In February 2001, TWA, L.L.C. ("TWA LLC") was established to operate the debtor airline under a separate air carrier operating certificate. In April 2001, American purchased the assets of bankrupt TWA. In November 2001, the TWA LLC pilots were placed on the American pilot seniority list. A dispute arose regarding whether the TWA LLC pilots, who had never flown at American, should be considered as "new hires" under Letter 3, thereby obligating American to "flow-through" Eagle jet Captains.

12.     Unable to resolve the dispute, on November 26, 2003, ALPA filed Grievance FLO-0903, which was assigned to arbitration before John B. LaRocco. Arbitrator LaRocco was presented with the question:

> Whether former TWA pilots placed on the AA seniority list filled or may fill "new hire positions" in "new hire classes" within the meaning of Section III.A of Letter 3/Supplement W?

On May 11, 2007, Arbitrator LaRocco ruled that because the TWA LLC pilots had never worked for American and were furloughed directly from TWA LLC, and not American, when they attended or attend flight training at American were/are "new hire pilots" filling "new hire positions" in a "new hire class" within the meaning of Letter 3.

13.     On May 29, 2008, ALPA filed Grievance FLO-0108 in which it claimed that Eagle pilots with American seniority numbers as a result of Letter 3 were entitled to attend

American training classes beginning on June 6, 2007, alongside the TWA LLC pilots designated by Arbitrator LaRocco as "new hires." The grievance was assigned to Arbitrator George Nicolau who noted that this same question was raised before Arbitrator LaRocco, who declined to provide an answer because he ruled that he lacked jurisdiction over the question. ALPA, APA, American, and Eagle were each parties in Grievance FLO-0108. At the grievance hearing before Arbitrator Nicolau, the parties agreed on what Arbitrator Nicolau characterized as a "narrow question":

> "Were American Eagle pilots who hold American Airline seniority numbers entitled to attend AA training classes beginning in June 2007?"

The parties agreed that if Arbitrator Nicolau answered this question in the affirmative, that the question of remedy would be returned to them for determination, with Arbitrator Nicolau retaining jurisdiction in the event a resolution was not reached.

14.     On October 18, 2006, Arbitrator Nicolau answered the question in the affirmative and opined that two hundred and forty four (244) Eagle Captains, who held American seniority numbers, were entitled to attend American training classes beginning in June 2007. The parties were unable to come to a mutually agreeable remedy and that question was returned to Arbitrator Nicolau. On April 9, 2010, Arbitrator Nicolau issued his Remedy Opinion and Award in Grievance FLO-0108 (the "Remedy Opinion"). Unfortunately, the Remedy Opinion far exceeds Arbitrator Nicolau's jurisdiction and rather than awarding a remedy within the confines of the question presented to him and the limitations on the jurisdiction of the arbitrator contained within Letter 3, such as specific performance or damages, Arbitrator Nicolau effectively attempted to re-write Letter 3.

15.     The Remedy Opinion required a class of 286 Eagle Captains, who were previously awarded an American seniority number, to once again elect to "flow-up" to

American.  The new election was to be an irrevocable decision, not contemplated by the confines of Letter 3, regarding whether or not to "flow-up" to American.  The Remedy Opinion required that this irrevocable decision be made within a very narrow time frame.  The Remedy Opinion also provided that if an Eagle pilot declined to make a new irrevocable decision to "flow-up" to American, he or she lost their previously awarded opportunity to "flow-up" to American and their respective American seniority number, issued in 1999, 2000, or 2001, in accordance with Letter 3.

16.     Arbitrator Nicolau even goes so far in the Remedy Opinion as to state that "reading [Letter 3] as containing a irrevocable obligation is inappropriate and inconsistent with equity," but later opines that it is appropriate to require the affected Eagle pilots to make an irrevocable election regarding the decision to "flow-up" to American.  The Remedy Opinion is far reaching enough that it arguably mandates a forfeiture by an affected Eagle pilot who declined irrevocable "flow-up", of his or her American seniority number.  However, that issue was already determined by Arbitrator Bloch in Grievance FLO-0107, when it was determined that "the right to flow-up is to be retained by Eagle CJ Captains who, prior to May 1, 2008... received AA seniority numbers."  The Remedy Opinion effectively attempts to strip away a right (the seniority numbers) already afforded to certain Eagle pilots, who were previously offered the opportunity to "flow-up" and therefore, issued AA seniority numbers.

17.     Pursuant to Section 158(e) of the Railway Labor Act, Arbitrator Nicolau lacked jurisdiction to issue the Remedy Opinion because Grievance FLO-0108 was not filed to seek the construction of a new agreement between American, Eagle, APA, and ALPA.  Rather, it was filed to determine a narrow question and, if necessary, an appropriate remedy, such as damages or specific performance.  In essence, Arbitrator Nicolau ignored the provisions of Letter 3 in

authoring the Remedy Opinion and dispensed his own form of justice by attempting to create a new agreement, all while ignoring the provisions and restrictions of Letter 3.  As a result, because Arbitrator Nicolau failed to conform or confine the Remedy Opinion to the very narrow scope of his jurisdiction, Plaintiffs seek vacatur of the Remedy Opinion.

### Class Action Allegations

18.     Plaintiffs bring their claims as individuals and as representatives of a Class pursuant to Fed. R. Civ. P. 23(b)(2).

19.     The proposed class consists of Eagle pilots who were eligible to transfer to American through the provisions of Letter 3, but are now being forced to make an irrevocable decision to either transfer to American or lose their American seniority number, due to the Opinion issued by Arbitrator Nicolau.

20.     The Class, which is believed to consist of 244 individuals, is so numerous that joinder of all members is impracticable.  The members of the Class are disbursed throughout the country.

21.     There are questions of law common to the Class which predominate over any questions affecting only individual members of the Class.  The legal issue in this case is whether Arbitrator Nicolau exceeded the scope of his jurisdiction by rendering the Opinion which is not conformed to or within the confines of Letter 3 and the question presented to Arbitrator Nicolau.

22.     The claim of the representative parties is typical of the claims held by the Class.  Like the Class members, the representative parties have all been denied their rights under Letter 3 by the Opinion issued by Arbitrator Nicolau.

23.     The representative parties will fairly and adequately protect the interests of the Class.  The representative parties have the same interest as the Class members in prosecuting this claim.

## Causes of Action

**I.**     **Count One:  Declaratory Relief.**

24.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

25.     The Railway Labor Act, which also applies to airlines, calls for an arbitrator to hear and decide most labor disputes in the airline industry and provides procedural safeguards to such hearings.  Plaintiffs seek a declaration from the Court that the Remedy Opinion and Award issued by Arbitrator Nicolau be vacated.  The Remedy Opinion and Award should be set aside because Arbitrator Nicolau's "remedy" fails to conform or confine itself to the matters within the scope of his jurisdiction.  Plaintiffs and the members of the Class have standing to seek such relief because they are aggrieved by the terms of the Opinion and Award.

**II.**     **Count Two:  Attorney Fees.**

26.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

27.     Pursuant to 45 U.S.C. § 153, *et seq.*, Plaintiffs seek to recover their reasonable and necessary attorney fees.

## Prayer for Relief

28.     Plaintiffs, on behalf of themselves and the Class, request that the Court enter a declaratory judgment which sets aside the Remedy Opinion and Award issued by Arbitrator George Nicolau in Grievance FLO-0108 on April 9, 2010, awards Plaintiffs their reasonable and necessary attorney fees and costs, and grants them such further relief, at law or in equity, to which they may show themselves entitled.

Respectfully submitted,

By: _____

Gavin Mackenzie, *pro se*
275 Williams Court
Mansfield, Texas 76063
(817) 473-0193
gavin@aepa.org


_____

Mark Burnett, *pro se*
2344 Lakeview Lane
Wylie, Texas 75098
burn-two@msn.com

JS 44 (TXND Rev. 2/10)

**CIVIL COVER SHEET**

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
BY ____
OCT 8 2010
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**I. (a) PLAINTIFFS**
Gavin Mackenzie and Mark Burnett, individually and on behalf of those similarly situated.

**DEFENDANTS** Air Line Pilots Association International, Allied Pilots Association, American Airlines, Inc. and American Eagle Airlines, Inc.

**(b)** County of Residence of First Listed Plaintiff   **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Washington, DC**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gavin Mackenzie, Pro Se
275 Williams Court
Mansfield, TX 76063, 817-473-0193

Mark Burnett, Pro Se
2344 Lakeview Lane
Wylie, TX 75098

Attorneys (If Known)

3 - 10 C V 2 0 4 3 - P

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1331 and 1337
Brief description of cause:
Plaintiffs seek vacatur of the Remedy Opinion issued by Arbitrator Nicolau.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE ____   DOCKET NUMBER ____

DATE
October 8, 2010

SIGNATURE OF ATTORNEY OF RECORD
Gavin Mackenzie / Mark Burnett (w/ permission)

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____